IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL DEAN ELLSWORTH, II,<br><br>Plaintiff,<br><br>vs.<br><br>THE CONSOLIDATED CITY-COUNTY GOVERNMENT OF MISSOULA, MONTANA; and UNITED STATES,<br><br>Defendant. | CV 16-8-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.**     **Introduction**

Plaintiff Michael Ellsworth, II, appearing pro se, filed an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). But Ellsworth did not sign his application. Therefore, the Court cannot address the merits of his application.

Instead, the Court deems it appropriate to deny Ellsworth's application based on the content and merits of his pleadings filed in this case. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (as amended)

1

(quoting *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).

In accordance with *Minetti*, the Court will review Ellsworth's pleadings. For the reasons discussed, the Court finds his pleadings lack merit and this action should be dismissed.

## II.    Plaintiff's Allegations

Ellsworth's complaint filed in this case refers to at least three civil actions he commenced in the Montana Fourth Judicial District Court, Missoula County, identified by Cause Numbers DV-14-654, DV-14-752, and DV-14-828. The referenced civil actions apparently advance claims relating to real property rights Ellsworth may have, or which he purports to have. Specifically, he alleges federal questions of law have arisen regarding his "Agriculture and Mineral Entries." (Doc. 2 at 1.) In substance, Ellsworth's pleadings reflect that he is dissatisfied with decisions of the local governments and authorities of Missoula County and the City of Missoula which apparently have adversely impacted his real property rights. And it appears that Ellsworth's referenced civil cases challenge the actions and decisions of the local governmental entities and authorities.

Ellsworth's pleadings are lengthy, incorporate voluminous attachments, and lack any logical presentation of facts. He recites and refers to numerous legal

2

doctrines, principles, legislative enactments, and common laws, but his pleadings are otherwise incomprehensible in that he does not provide a short and plain statement of exactly what events and decisions have occurred which are the predicate grounds for either his civil cases filed in state court, or this action. But what is clear, however, is that Ellsworth is dissatisfied with the legal rulings in, and the progress of, his state court cases.

Ellsworth's pleadings filed in this federal action seek to remove his referenced state court cases to this federal court. One of his pleadings is his "Notice of Removal and Petition for Review of Administrative Actions." (Doc. 3.) In that pleading Ellsworth relies upon the federal removal statutes at 28 U.S.C. §§ 1441 and 1443, and he specifically requests that this Court commence necessary procedures to "remove[] the Civil Actions Commenced in State District Court and assume" jurisdiction over those actions. (Doc. 3 at 2.)

### III. Discussion

Because Ellsworth is proceeding pro se the Court must construe his pleadings liberally, and they are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Nonetheless, the federal courts must always consider whether it possesses

jurisdiction over any particular action presented to it.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

Further, a pleading must set forth sufficient allegations to invoke the jurisdiction of this Court (Fed. R. Civ. P. 8(a)(1))[1], and a plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Having reviewed all of Ellsworth's pleadings, even after affording those pleadings a liberal construction the Court finds his allegations fail to state any claim on which relief could be granted because Ellsworth improperly seeks to remove his state court cases to federal court. The removal statutes on which Ellsworth relies only permit a defendant, not a plaintiff, to remove civil cases from

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

state court to federal court.  28 U.S.C. §§ 1441 and 1443.  Thus, there simply exists no legal authority, under either decisional law or statutory law, which permits this United States District Court to either accept or effect a removal of any civil action commenced by Ellsworth in a state court under the procedural circumstances of Ellsworth's cases.  The Court lacks both legal authority and jurisdiction to proceed with, and adjudicate, Ellsworth's proposed removal pleadings.  Thus, this action is subject to dismissal based upon Ellsworth's failure to state a claim for relief, and this Court's lack of jurisdiction over the subject of his pleadings.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).  Here, however, in view of Ellsworth's pleadings seeking an unauthorized removal of his state court cases, any amendment to his pleadings would be futile and, therefore, it is unnecessary to give him an opportunity to amend.  *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV.	Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Ellsworth's application to proceed in forma pauperis be DENIED based on the lack of merit in his pleadings, and that this action be DISMISSED without prejudice for failure to state a claim and for lack of jurisdiction.

Further, IT IS HEREBYR ORDERED Ellsworth's miscellaneous pending motions are DENIED without prejudice.

The Clerk of Court is directed to immediately forward a copy of this recommendation to the presiding District Judge as Ellsworth does not have a right to file objections to this recommendation. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998).

DATED this 8th day of February, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge